1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

| 11 | HEATHER BACON, an individual; DANYELL NO, an individual; PHOEBE LOWE, an individual; ANTHONY CORNELIUS BROWN, an individual; SABRINA WHITE, an individual; GARY RIVERA, an individual; ISAAC SMITH, an individual; KANDI HILDEBRAND, an individual; MARK BOBIAN, an individual; MARSHALL GLOVER, an individual; JUAN JOSE REYES, an individual; ARTURO REYNOSA, an individual, | Case No.: 22-cv-1278-GPC-WVG |
|---|---|---|
| | | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| | | **[ECF No. 1]** |
| | Plaintiffs, | |
| | v. | |
| | THE CITY OF CHULA VISTA; THE CHULA VISTA POLICE DEPARTMENT; THE ALPHA PROJECT, | |
| | Defendants. | |

1

On August 29, 2022, an individual by the name of Mandy Lien filed a Complaint alleging a violation of 42 U.S.C. § 1983 and seeking a temporary restraining order and preliminary injunction to prevent the closure of Harborside Park in Chula Vista. ECF No. 1. With the Complaint, Mandy submitted twelve declarations of the Plaintiffs named above. ECF No. 1 at 19-67. Twelve IFP motions were also submitted. ECF No. 2.

Due to a number of deficiencies, the Court hereby **DISMISSES** the Complaint with **LEAVE TO AMEND**. The Court recognizes the urgency of this matter. The Park in issue, Harborside Park, will close Wednesday, August 31, 2022. ECF No. 1. The Court invites an Amended Complaint and a Motion for a Temporary Restraining Order to be filed as soon as end of business day **Tuesday, August 30, 2022**. Alternatively, the Court grants **forty-five (45) days** from the date this Order is filed for a First Amended Complaint to be filed that cures the deficiencies discussed below.

## DISCUSSION

### I.  Deficiencies

First, it does not appear that Mandy Lien is an attorney licensed by the California bar. As such, Mandy Lien is unable to file this Complaint and represent the twelve named Plaintiffs in this matter. Cal. Rules of Prof'l Conduct R. 5.5 (unauthorized practice of law). An individual is allowed to proceed pro se, i.e., without an attorney. Local Rule 83.11(a). A pro se individual must appear "personally for such purpose and may not delegate that duty to any other person." S.D. Civ. Local Rule 83.11(a).

Thus, any Amended Complaint should either be filed by a licensed attorney on behalf of the twelve named individuals, or each individual Plaintiff named here should file their own action pro se. However, the Court informs the parties that only one individual need file an action for the Court to be able to move forward and determine if the requested relief is legally justified. The Court does not need twelve individual

Complaints to issue a temporary restraining order or a preliminary injunction, if the Court determines such relief is appropriate.

Second, a proper Complaint has not been filed. According to the Federal Rules of Civil Procedure, a Complaint must contain a "short and plain statement of the grounds for the court's jurisdiction"; "a short and plaint statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought." Fed. R. Civ. P. 8(a). The Court provides a form in which Section II requests a "statement of the claim" and Section III requires a statement of "relief you request." It appears Plaintiffs have submitted this form as ECF No. 1; however, they failed to complete Sections II and III. As such, the Court is not presented with a proper Complaint with which to proceed. A Plaintiff, proceeding pro se or with an attorney, should submit this Form, including a statement of the claim and relief sought, before the Court can move forward and determine if the requested relief should be granted.

## II.   Legal Basis

As it is currently filed, ECF No. 1 appears to be a Motion for a Temporary Restraining Order. ECF No. 1 includes legal rules and legal analysis in support of issuance of such an Order. Two claims are advanced: (1) the closure of Harborside Park violates the doctrine of *Martin v. Boise*; and (2) the closure of Harborside Park is a violation of substantive due process because this is a situation of "state-created danger."

### A. *Martin v. Boise*

Any potential Plaintiff should be aware that to establish a valid claim under *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019), Plaintiffs must show that a City has effectively criminalized sleeping outside *anywhere* in the City. *See Martin*, 920 F.3d at 617. *Martin* affirmatively states that "an ordinance prohibiting sitting, lying, or sleeping outside at particular times or in particular locations might well be constitutionally permissible." *Id.* at 617 n.8. Cities are allowed to criminalize sleeping in certain and

specific areas. *See Sausalito/Marin Cnty. Chapter of California Homeless Union v. City of Sausalito*, No. 21-cv-1143-EMC, 2021 WL 5889370, at *2 (N.D. Cal. Dec. 13, 2021) ("*Martin* prohibits a ban on all camping, not the proper designation of permissible areas.").

Plaintiff will need to show in their Amended Complaint that Defendants have criminalized sleeping in all public places, not just Harborside Park. *See Gomes v. Cnty. Of Kauai*, 481 F. Supp. 3d 1104, 1109 (D. Haw. 2020) (dismissing Complaint because Plaintiffs did not show that they could not sleep in other public places within the County of Kauai). A court is permitted to look at all city ordinances collectively to determine if sleeping outside is effectively prohibited. For example, ordinances prohibiting camping overnight; ordinances prohibiting tenting in residential areas broadly defined; and ordinances prohibiting obstruction of "free movement of any pedestrian" (i.e., obstruction of sidewalks) can in effect criminalize homelessness, which is not permissible under *Martin*. *See Wills v. City of Monterey*, No. 21-cv-1998-EMC, 2022 WL 3030528, at *8 (N.D. Cal. Aug. 1, 2022). In sum, an Amended Complaint should include any other ordinances that, when looked at in aggregate, effectively prohibit sleeping outside or effectively criminalize homelessness.

**B. State-created danger**

ECF No. 1 also appears to raise a state-created danger claim. A valid state-created danger claim requires a Plaintiff to show: (1) the officers' affirmative actions created or exposed Plaintiff to an actual, particularized danger that they would not otherwise have faced; (2) the injury suffered was foreseeable; and (3) the officers were deliberately indifferent to the known danger. *See Martinez v. City of Clovis*, 942 F.3d 1260, 1271 (9th Cir. 2019) (citing *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018)).

As to the first prong, the question is whether "'state action creates or exposes an individual to a danger which he or she would not have otherwise faced.'" *Martinez*, 943

F.3d at 1272-73 (quoting *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1063 (9th Cir. 2006)). It is not enough to leave someone in the "same position," an affirmative act must "make the situation worse." *Martinez*, 942 F.3d at 1272. Plaintiff should plead facts that show the closure of Harborside Park will expose Plaintiff to dangers they would not have faced but for the Park's closure.

As to the second prong, Plaintiffs must show that the "ultimate injury" was "foreseeable." *Id.* at 1273 (quoting *Hernandez*, 897 F.3d at 1133)). A "'state actor is liable for creating the foreseeable danger of injury given the particular circumstances.'" *Kennedy*, 439 F.3d at 1064 n.5. Although, the exact injury does not have to be foreseeable, *Martinez*, 942 F.3d at 1273, Plaintiff must plead facts showing foreseeability.

As to the third prong, Plaintiffs must show that the state actor acted "with deliberate indifference [to a] known or obvious danger." *Hernandez*, 897 F.3d at 1133. This is a high standard and requires proof that a city actor "disregarded an obvious consequence of his action." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). This requires a "culpable mental state." *Id.* Plaintiff should not simply state that Defendants acted with this state of mind, as that is a legal conclusion the Court is not required to accept as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Plaintiff must plead facts that allow the Court to draw a reasonable inference that the Defendants acted with "deliberate indifference."

## CONCLUSION

For the reasons stated above, the Court **DISMISSES** the Complaint, and **GRANTS LEAVE TO AMEND**. Due to the urgency of the matter, the Court invites a First Amended Complaint and Motion for a Temporary Restraining Order to be filed as soon as **August 30, 2022**. Alternatively, Plaintiff has **forty-five (45) days** from the date

this Order is filed to file a First Amended Complaint which cures the deficiencies noted above.

Plaintiff's First Amended Complaint must be clearly entitled "First Amended Complaint," include Civil Case No. 3:22-cv-1278-GPC-WVG in its caption, and must be complete by itself without any reference to any other versions of the Complaint. Any claims not re-alleged in the First Amendment Complaint will be considered waived. "An amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

**IT IS SO ORDERED.**

Dated: August 30, 2022

Hon. Gonzalo P. Curiel
United States District Judge